UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE LYLE CULLETT, JR., :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-13-0025
:
DAVID J. EBBERT, : (Judge Kosik)
:
    Respondent :

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by George Lyle Cullett, Jr., an inmate confined at the United States Penitentiary at Canaan, Pennsylvania. The matter is presently before the court for screening. See 28 U.S.C. § 2243. Cullett has paid the required $5.00 filing fee in this matter. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I.    **Background**

In the pending petition, Cullett challenges his October 18, 1993 sentence imposed by the United States District Court for the Central District of California. He was sentenced to a 188-month term of imprisonment for two (2) counts of armed bank robbery, a consecutive 60-month term of imprisonment for use of a firearm, and to a

consecutive 240-month term of imprisonment for a second count of use of a firearm. No direct appeal appears to have been taken from the judgment of conviction and sentence. He does state that he filed a motion to vacate his sentence in the sentencing court pursuant to 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel. He now files the instant federal habeas petition pursuant to 28 U.S.C. § 2241 to raise "actual innocence" claims which he contends he is unable to pursue in a § 2255 motion. He claims that he is "actually/factually innocent of the sentencing factors which resulted in his stacked sentence." (Doc. 1, Pet. at 4.) Specifically, he asserts that he is suffering (1) from "stacked sentences" from multiple § 924(c) convictions and (2) from a second § 924(c) count that is sentenced beyond the maximum. (Id. at 3.) With respect to the second claim, he states that he was sentenced to 240 months on the second § 924(c) count when he should only have been exposed to the 10 year maximum.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through

2

Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255(a)(motion must be filed in "the court which imposed the sentence").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

3

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000)(recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Cullett is not entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28U.S.C. § 2255 would be ineffective or inadequate. In reviewing the petition, Cullett admits that he has filed a

4

§ 2255 petition in the sentencing court (United States District Court for the Central District of California). Thus, he evidences that his remedy by way of a motion under § 2255 is not unavailable or inadequate. Also, he sets forth no reason why the claims he asserts in the pending petition could not have been pursued in the § 2255 motion previously presented in the sentencing court.

In accessing PACER, Public Access to Court Electronic Records, found at https://pcl.uscourts.gov, a review of the dockets relevant to Cullett's underlying criminal action verify that he did file a § 2255 motion in said matter on April 24, 1997, and that the motion was denied on May 5, 1997. Merely because Cullett was unsuccessful or failed to raise all claims available to him at that time within said § 2255 motion does not render the remedy ineffective or inadequate. As such, this court is without jurisdiction to consider the pending habeas petition filed pursuant to 28 U.S.C. § 2241. Further, even if Cullett were seeking to raise newly discovered evidence or a new rule of constitutional law in an effort to pursue the claims raised in his instant petition, such arguments are not properly raised in a § 2241 petition at this time. Cullett would be required to obtain leave from the appropriate United States Court of Appeals to file any second or successive § 2255 motion raising any new challenges not previously advanced in his first § 2255 motion.[1] Even then, it is only

---

[1] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the

5

where a petitioner falls within the narrow exception outlined in <u>Dorsainvil</u> in which § 2241 relief could be sought in this court. In <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d t 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.

---

second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255. Without passing judgment on the ultimate success Cullett would have in seeking any such permission, neither the pending petition nor PACER reveal that he has ever sought such permission to file a second § 2255 motion.